# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MAURICE RYANT** | : | **NO. 13-358-1** |
| | : | **NO. 12-321-1** |

**Goldberg, J.**                                                                                               **May 8, 2018**

## MEMORANDUM

Defendant Maurice Ryant moves to set aside the judgment of conviction for possession of a firearm (18 U.S.C. § 922(g)(1)) and to correct his sentence pursuant to 28 U.S.C. § 2255. Defendant contends that he was improperly sentenced to a mandatory minimum of fifteen years' incarceration under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He now challenges his ACCA status and requests that his current sentence be vacated. For the following reasons, I will deny Defendant's Motion.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 2013, Defendant pled guilty to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Presentence Report ("PSR") establishes that Defendant has two prior convictions for felony drug trafficking offenses, a 1997 conviction for aggravated assault, and a 1997 conviction for carjacking. The aggravated assault conviction was a violation of 18 Pa.C.S. § 2702(a)(3), which is a second-degree felony.

The PSR reflected that, based on Defendant's two prior convictions for serious drug offenses and at least one prior conviction for a violent felony, he was an armed career criminal under ACCA. Given an initial offense level of 34, plus a three-level reduction for acceptance of responsibility, Defendant's total offense level was 31. With a category VI criminal history, the guideline range was 188 to 235 months. Defendant was also subject to a statutory mandatory minimum of 180 months pursuant to § 924(e). At the sentencing hearing held on November 26, 2013, I sentenced Defendant to 180 months' imprisonment.

On April 4, 2016, Defendant filed the current Motion to Correct Sentence under 28 U.S.C. § 2255. The Government responded on July 18, 2017, and Defendant filed a reply brief on August 29, 2017. On February 20, 2018, the Government submitted supplemental authority.

## II. STANDARD OF REVIEW

A prisoner in federal custody may file a motion in the trial court challenging the validity of his sentence under 28 U.S.C. § 2255. See Morelli v. United States, 285 F. Supp. 2d 454, 458 (D.N.J. 2003). This provision reads in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Under this statutory framework, a federal prisoner shall be released from custody if the sentence "(1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack." Morelli v. U.S., 285 F.Supp.2d 454, 458 (D.N.J.

2003) (citing 28 U.S.C. § 2255). To establish a right to habeas corpus relief, a prisoner must demonstrate that the sentence has a "fundamental defect" resulting in a "complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." See, e.g., United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989); Morelli, 285 F. Supp. 2d at 458–59 (citations omitted).

## III. DISCUSSION

Under ACCA:

> In the case of a person who violates section 922(g)[1] of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1). Accordingly, in a case in which the defendant has been convicted of § 922(g) and the prosecution seeks the § 924(e) enhancement, a sentencing court must decide whether that defendant has three previous convictions for a "violent felony or a serious drug offense."

The Act defines the term "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

[1] It is unlawful for a person who has been previously convicted of a felony to possess a firearm. 18 U.S.C. § 922(g)(1).

3

18 USCA § 924(e)(2)(B). Courts refer to the first clause as the "force clause" and the second as the "enumerated offenses clause."[2]

A determination that a conviction is a violent felony is made under the "categorical approach." United States v. Abbott, 748 F.3d 154, 157 (3d Cir. 2014). Under that approach, the court "may look only to the elements of a defendant's prior conviction, not 'to the particular facts underlying those convictions.'" Id. (quoting Descamps v. United States, 570 U.S. 254, 261 (2013)). The elements of the crime of conviction must necessarily match the elements of a "violent felony" as defined in the ACCA. Abbott, 748 F.3d at 157. If the elements of the crime of conviction "cover a greater swath of conduct than the elements of the relevant ACCA offense," then the conviction does not qualify as a predicate offense under the ACCA. Mathis v. U.S., 136 S. Ct. 2243, 2251 (2016). Even if a defendant's "conduct fits within" the ACCA offense, "the mismatch of elements" disqualifies the conviction as a predicate offense. Id. Ultimately, the government retains the burden of showing that the defendant qualifies as a career offender. United States v. Howard, 599 F.3d 269, 270–71 (3d Cir. 2010).

The modified categorical may apply in specific circumstances. Under that approach, the court can look beyond the elements of the prior conviction when the statutory crime is a divisible one, listing multiple alternative elements, so that the statute effectively creates several different crimes. Abbott, 748 F.3d at 158–59. The modified categorical approach assists in identifying, "among several alternatives, the crime of conviction so that the court can compare it to the" ACCA offense. Descamps, 570 U.S. at 264. Thus, when a divisible statute is involved, the court may look at Shepard documents, which are "beyond the face of the statute [consisting of] the

---

[2] ACCA formerly contained a third clause—the "residual clause"—for crimes which "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). The third clause, however, has been struck down as unconstitutionally vague by the United States Supreme Court. Johnson v. U.S., 135 S. Ct. 2551, 2563 (2015).

4

'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented' to determine which of the alternative elements was involved in the defendant's conviction." Abbott, 748 F.3d at 158 (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)). Like the categorical approach, the modified categorical approach focuses on identifying the crime of conviction, not on discovering facts that could satisfy the elements of the ACCA offense. Descamps, 133 S. Ct. at 2292–93.

Here, it is undisputed that two of Defendant's convictions were serious drug offenses that constitute predicate offenses under ACCA. Thus, the only question is whether Defendant's second-degree aggravated assault conviction qualifies as a violent felony under ACCA's force clause. At the time Defendant committed this crime in 1997, the Pennsylvania aggravated assault statute stated that a person was guilty of aggravated assault if he:

> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
> (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;
> (3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.
> (5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including a student employee, of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school;

5

18 Pa. Cons. Stat. Ann. § 2702 (1990). Aggravated assaults under subsections (1) and (2) are felonies of the first degree. Aggravated assaults under subsections (3), (4), and (5) are felonies of the second degree. Commonwealth v. Cassell, No. 1300-EDA-2015, 2016 WL 6135379, at *3 (Pa. Super. Ct. Oct. 21, 2016).

Defendant posits that, under the categorical approach, second-degree aggravated assault is an indivisible offense that does not categorically require the use of force. Specifically, he contends that the infliction of "bodily injury" is not the same as the intentional use of violent physical force as required to constitute a predicate offense under ACCA. The Government responds that second-degree aggravated assault provisions are divisible, meaning that the modified categorical approach applies, but that, in any event, subsections (a)(3)–(5) all require the use or threatened use of force.

Subsequent to the initial briefing of this issue by the parties, the United States Court of Appeals for the Third Circuit, in an unpublished decision, addressed this precise issue. In United States v. Costello, No. 16-4092, 2018 WL 389190 (3d Cir. Jan. 12, 2018), cert. denied, 138 S. Ct. 1039 (2018) the Third Circuit interpreted United States Sentencing Guideline § 4B1.2—a statute identical to 18 U.S.C. § 924(e)(1)[3]—to determine whether a conviction of aggravated assault under 18 Pa.C.S. § 2702(a)(3) constituted a "crime of violence" for purposes of the sentencing enhancement. The Court noted that "bodily injury" as used in subsection (a)(3), is

---

[3] "Precedent . . . requires the application of case law interpreting 'violent felony' in [the] ACCA to 'crime of violence' in U.S.S.G. § 4B1.2[ ] because of the substantial similarity of the two sections." U.S. v. Brown, 765 F.3d 185, 189 n.2 (3d Cir. 2014) (quoting U.S. v. Marrero, 743 F.3d 389, 394 n.2 (3d Cir. 2014) (internal quotation marks and citation omitted)); see also United States v. Hopkins, 577 F.3d 507, 511 (3d Cir. 2009) ("[T]he definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines that authority interpreting one is generally applied to the other. . . ."); United States v. Parks, 237 F. Supp. 3d 229, 239 n.6 (M.D. Pa. 2017) ("[C]ases interpreting crimes of violence under the ACCA can be used for determining a crime of violence under the Guidelines.").

defined as "[i]mpairment of physical condition or substantial pain." Id. at *3 (quoting 18 Pa. Cons. Stat. § 2301). As such, the Court found that "[t]he statute therefore necessarily contemplates the use of such physical force as to impair one's physical condition or produce 'substantial pain.'" Id. The Third Circuit concluded that "[c]ommon sense dictates that knowingly or intentionally causing impairment of another's physical condition requires the use of physical force." Id. Accordingly, it upheld the District Court's conclusion that the defendant's aggravated assault conviction under § 2702(a)(3) constituted a "crime of violence" as defined in the United States Sentencing Guidelines. Id.

Similarly, in U.S. v. Lewis, No. 16-4378, 2018 WL 317776 (3d Cir. Jan. 8, 2018) (petition for cert. filed April 13, 2018). the Third Circuit contemplated whether an aggravated assault conviction under 18 Pa.C.S. § 2702(a)(4) was a crime of violence under § 4B1.1. Relying again on the Pennsylvania statute's definition of "bodily injury," together with its definition of "deadly weapon"—meaning "any . . . device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury"—the Court held that a conviction for aggravated assault under § 2702(a)(4) "requires proof of 'violent force' 'capable of causing physical pain or injury,'" within the meaning of § 4B1.2(a)(1). Id. at *4. As a result, the Court concluded that "aggravated assault under 18 Pa. Cons. Stat. § 2702(a)(4) qualifies as a crime of violence under § 4B1.2(a)(1)." Id.

Applying Costello and Lewis, I conclude that Defendant's second-degree aggravated assault conviction qualifies as a predicate offense under ACCA. All three subsections of § 2702 for second-degree aggravated assault include as an element "attempts to cause or intentionally or knowingly causes bodily injury." The Third Circuit has now twice found that knowingly or

7

intentionally causing impairment of another's physical condition requires the use of physical force, meaning that an offense with this element qualifies as "violent" under U.S.S.G. § 4B1.2. As ACCA interprets "violent felony" consistently with § 4B1.2, I find that Defendant's conviction for second-degree aggravated assault constitutes a predicate offense, thereby rendering Defendant an armed career criminal under ACCA. Accordingly, I will deny Defendant's 28 U.S.C. § 2255 Motion.

An appropriate Order follows.